IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MATEEGA BUKENYA,

    Petitioner

                                          Attn. of THE HON. PATTI B. SARIS

Vs.

JOHN D. ASHCROFT; ATTORNEY GENERAL OF THE UNITED STATES,

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.

    Respondents

---

**EMERGENCY MOTION TO VACATE AND TERMINATE**

Dear Honorable Saris,

    I come before your Honorable Court yet again seeking to set aside and or vacate the current final order of deportation and also terminate immediately respondents intention to execute said order. I will show in the appended analysis of this instant case that it is in the interest of Justice for this Court to grant me said relief because respondents are in contempt of your ORDER(S) of September 4th, 2002 and October 8th, 2002 in that they refused to allow me to exercise my right and protected interest of voluntarily departing the United States without suffering an adverse final order of deportation.. In support of this motion, I submit the following for your Honor's consideration.

## ANALYSIS

1. The current final order of deportation intended to be executed by respondents this week is grounded in two impermissible gounds:  a)  A contempt to your order of September 4th, 2002 and October 8th, 2002 which directed the Board of Immigration Appealshereinafter "BIA" to reissue their May 10, 2001 order and b)  A violation by respondents of my right to Due Process.

   The purpose of your order(s) was to reinstate **all** my procedurally protected rights contained within the "BIA" order.  On January 16th, 2003 the "BIA" order was reissued but, contrary to the intent and purpose of your  order(s) respondents refused to **allow** me  to leave the United States voluntarily. Instead, respondents continued to detain me within the thirty day period of voluntary departure.  As a result, an automatic and final order of deportation ensued and respondents now intend to execute this flawed and questionable order this week.

2. Thus, the final order of deportation is null and void where respondents refused to **allow** me the right to voluntarily depart the United States United States without suffering an adverse final order of deportation. Accordingly, the warrant of deportation is invalid and respondents may be estopped from enforcing deportation under law.  Such warrant and final order of deportation are valid **only** if  I was afforded the right to leave the United States voluntarily after January 16th, 2003 and **willfuly failed**;  absent this showing, this final order of deportation and respondent's intention to execute it cannot be given legal effect and may be set aside or vacated pursuant to the powers of the All Writs Act 28 USC; Section 1651 and the Administrative Procedures Act 5 USC; Section 706.

NOTE: Even though the "BIA" order is and was administratively final as of the date of reissuance (January 16th, 2003), see 8 CFR 241.31, I had at the

time perfected an appeal to the Ninth Circuit court of Appeals and had a stay. The Ninth Circuit notes pursuant to their decision in DeLeon Vs. INS, 115 F.3d 643 (9th cir. 1997) that a final order of deportation (administrative) is and was therefore temporarily stayed upon the filing of a petition for review of such an order. This temporary stay was in effect whether or not that Court confirmed such a stay.

Respondents therefore, could have but did not **allow** me to voluntarily depart without bond and on my recognizance. See also the proposal to amend your September 4th, 2002 order by Frank Crowly (SAUSA), page 2:

> "The effect of this grant was that petitioner was **allowed** to depart the United States within 30 days of the "BIAorder voluntarily without a deportation order entering or being enforced against him. However, once the 30 days had expired without petitioner's voluntary departure, the voluntary departure order was withdrawn and the alternate order of deportation entered automatically by operation of law.
>
> Because the court has ordered the "BIA'S" reissuance of it's May 10, 2001 decision, the reissuance of that decision **will** effectively grant petitioner the fresh opportunity to depart the United States within 30 days voluntarily... without enforcement of and the future legal disabilities flowing from execution of a deportation order.
>
> If petitioner should fail to take advantage of this opportunity to avoid the entry and execution of another order of deportation, the final order of deportation will then become enforceable by operation of law at the expiration of the 30 day voluntary departure period."
>
> (in pertinent part, with emphasis added).

Clea
Clearly, respondents or at least their counsel were cognizant of my right to be **allowed** to exercise the voluntary departure as a way of offsetting and averting an adverse and prejudicial final order of deportation. It would defy logic or reasonable thinking for respondens then to have expected me to

effectively exercise this right if the (respondents) were the impediments to my right by holding me in detention and holding my passport. No human being can be expected to make airline ticketing arrangements or procure a visa under these circumstances. Besides, the granting of voluntary departure was and remains unconditional; that is to say, no bond, free to leave on own recognizance. If the immigration judge in San Diego 1996 or the "BIA" in 2001 had intended so, they would have stated. Accordingly, respondents may not be allowed to assert that they were or are supposed to 'assist' in my voluntary departure.

Furthermore, your Honor will find that in the absence of other factors like my willful failure to depart, refusal, bad purpose or non-justifiable excuse on my part, respondents cannot say that I willfuly failed to depart voluntarily.

Thus far, it is evident that respondents on and after January 16th, 2003 remained and still remain in contempt of following your ORDER(S) to reinstate my procedurally protected rights **fully**; by so doing, respondents have trampled not only on my right to Due Process, but also exacerbated an already existing violation that your Honor attempted to redress on September 4th, 2002 and October 8th, 2002. Persuasive authority exists in Mendoza-Hernandez V. INS, C.A. 7 1981, 664 F.2d 635 to indicate that unexplained delays by the Government in its administrative procedures can amount as in the instant case, to affirmative misconduct, and if such delays actually prejudice a deportee, then Government is estopped on grounds of unreasonable and prejudicial delays from denying a deportee relief from deportation. This is the situation in the case at bar.

3. The enforcement of this final order of deportation would therefore be "arbitrary.. or otherwise not in accordance with the law" (Administrative Procedure Act, 5 USC; section 706), is open to attack and may be set aside and or vacated using the powers vested in this Act.

After the reissuance of January 16th, 2003 I had a **protected interest** to voluntarily depart to avert a final and adverse order of deportation. Respondents violated my prrocedurally protected interest by not allowing me to exercise voluntary departure. The resulting warrant and final order of deportation should be anulled and voided to redress this fundamental miscarriage of justice.

4.          FUNDAMENTAL FAIRNESS AND PROTECTED INTEREST

The guarantee of Due Process in the Fifth Amendment to the Federal Constitution declares that **no person** shall "be deprived of life, liberty... without Due Process of law". The cornerstone of Due Process is the prevention of abusive Governmental power and to prevail on a Due Process claim, a plaintiff must show, as I have herein, a deprivation of a **protected interest** without Due Process of law. In my case, it is the effective exercise of voluntary departure (a protected interest), to avert a final order of deportation; Due Process being the kind of procedure suitable and proper to the nature of the case and sanctioned by established custom and usage. The procedure of voluntary departure was designed because it is in harmony with the underlying principles of the Constitutional guarantee.

The Due Process clause requires Government to follow appropriate procedures when it seeks to deprive life or liberty as in the instant case. The enforcement of a final order of deportation in this case without opportunity for voluntary departure would be tantamount to judgement without citation or opportunity to present a defense; it lacksall the attributes of a fairly administered justce; it is usurpation and oppression and can never and should not be upheld in

a system where justice is fairly administered.

5. In the alternative, and at an absolute minimum, I deserve a reinstatement of my right to voluntary departure immediately. However, I need to inform your Honor that should you find it necessary to reinstate this right, I also ask that it be extended pending the final resolution on the merits of my current petition for habeas corpus before Judge Lisi in Providence, RI. In the petition 04-041 ML, I seek a ruling on my eligibility to renew an application for political asylum. I presented evidence of being afraid to return to Uganda and that I am unwilling to avail myself of that country's protection. This I have done in two documents sent to the government of Uganda and their United Nations represntative in New York renouncing protection and voicing my dissent to the totalitarian "Movement" "No party" type of government. I have also stated my apprehension and fear of retribution if returned to Uganda. At your request I will furnish these documents:  A. MEMORANDUM: RENUNCIATION OF PROTECTION and B. STATEMENT IN SUPPORT OF MEMORANDUM. Because of these documents I am afraid of the National Resistance Movement's retribution by way of torture, persecution and death.

Considering that I had voiced my dissent, it is questionable as to how and why a United States Attorney would ignore domestic and international law and conspire with the government of Uganda to ensure my repartriation at all costs. I believe that agents of the Bureau of Immigration and Customs Enforcement aided her in this endeavour. The Uganda government is conspiring with respondents to repartriate

me so that they (the Uganda government) will effectively liquidate and eliminate me like all dissenters to their form of government and Constitution.

The effort of respondents to ensure that Uganda repartriate me at all costs not only violates my right not to be returned to where my life will be in jeopardy but also runs afoul of the non-refoulement treaty which the United States is a signatory to. It also has the potential to embarrass the political and legislative branches of the United States and the State Department.

Even though the issue of the violation of my right to voluntary deparure has been presented to Judge Lisi in Rhode Island, I feel that as a matter of prudence, you should be appraised of this issue since it stems from in the first instance, a violation of and contempt to your ORDER(S) to reinstate me fully to the status of one receiving timely notice.

CONCLUSION

I pray your Honor that in the interest of Justice, you grant me the relief requested herein for all the reasons contained herein; also grant me any other and further relief your Honor may deem Just and Proper to redress and make me whole.

Respectfully submitted,

*Matega Bukenya; Pro Se*

Date: 26th, April 2004

Donald W. Wyatt Detention Ctr.
C-POD, 950 High Street
Central Falls, RI 02863

Page 7