```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

MATEEGA BUKENYA,                  )
          Plaintiff,              )
                                  )
     v.                           )  Civil Action No. 04-10869-PBS
                                  )
JOHN D. ASHCROFT, Attorney        )
General of the United States;     )
and BUREAU OF IMMIGRATION AND     )
CUSTOMS ENFORCEMENT,              )
          Defendants.             )
```

MEMORANDUM AND ORDER

Now before the Court is plaintiff Mateega Bukenya's Emergency Motion to Vacate and Terminate. For the reasons stated below, plaintiff's emergency motion is denied. Plaintiff is advised that if he wishes to proceed with this action, he must file a civil complaint accompanied by either the $150.00 filing fee or an Application to Proceed Without Prepayment of Fees. However, if plaintiff chooses to file a complaint, he is advised that his claims are be subject to dismissal.

BACKGROUND

Plaintiff Mateega Bukenya is an immigration detainee now detained at Wyatt Detention Facility in Central Falls, Rhode Island. A deputy clerk of this Court contacted the Boston Office of the Bureau of Immigration and Customs Enforcement was informed that Mr. Bukenya is scheduled to be removed from the United States to Uganda on May 5, 2004.

Mr. Bukenya's Emergency Motion invokes the Court's jurisdiction under the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq.; and the All Writs Act, 28 U.S.C. § 1651. See Motion, page 2. Mr. Bukenya contends, among other things, that the defendants denied plaintiff his right to voluntarily depart in accordance with the orders entered by this Court in Bukenya v. INS, C.A. No. 02-11734-PBS. The Court's records indicate that by Amended Order dated October 8, 2002, this Court ordered the BIA to reissue its decision stating that Mr. Bukenya's rights shall begin to run on the date of re-issuance. See 10/8/02 Amended Order (Docket No. 10), Bukenya v. INS, C.A. No. 02-11734-PBS.

Mr. Bukenya alleges that after the BIA re-issued its order on January 16, 2003, the defendants "violated [his] procedurally protected interest by not allowing [him] to exercise voluntary departure." See Motion, at p. 5. He complains that his detention continued and that his passport was not returned to him. Id. at p. 4. Plaintiff further contends that he is a political dissenter and that if returned to Uganda, his life will be in jeopardy. Id. at pp. 6-7. Finally, plaintiff contends that agents of the Bureau of Immigration and Customs Enforcement are conspiring with the Uganda government to ensure Mr. Bukenya's repatriation to

Uganda.  Id.

Plaintiff alleges, and a search of PACER, the federal judiciary's electronic public access system, confirms that on April 26, 2004, plaintiff filed an Emergency Motion to Stay Execution of Removal in his Section 2241 habeas action in the District of Rhode Island.  See Bukenya v. BICE, et al., No. 04-CV-41 (D. R.I. Apr. 26, 2004) (petition dismissed and case closed on Apr. 22, 2004).

## DISCUSSION

### I. Parties Must Pay the Filing Fee for Civil Actions or File an Application to Proceed Without Prepayment of Fees

A party filing a civil action in this Court must either (1) pay the applicable filing fee or (2) file an Application to Proceed Without Prepayment of Filing Fees and Affidavit. See 28 U.S.C. 1914(a) ($150.00 filing fee for civil actions; $5.00 filing fee); 28 U.S.C. 1915 (proceedings in forma pauperis).  Plaintiff has not paid the filing fee or submitted an application for waiver of the filing fee and shall be granted additional time to do so.

### II. Plaintiff's Claims Are Subject to Dismissal

As an initial matter, the Court notes that Mr. Bukenya filed a motion but not a complaint or petition.  To the extent plaintiff seeks habeas relief pursuant to 28 U.S.C. § 2241, this Court does not have jurisdiction to entertain such a request because

plaintiff is detained in Rhode Island.  See Vasquez v. Reno, 233 F.3d 688, 696 (1st Cir. 2000) cert. denied sub. nom. Vasquez v. Ashcroft, 122 C. Ct. 43 (2001).

To the extent plaintiff brings this action pursuant to the Administrative Procedures Act ("APA") and the All Writs Act, plaintiff has failed to state a claim.  The APA and the All Writs Act do not provide independent jurisdictional bases for review.  See Califano v. Sanders, 430 U.S. 99, 105 (1977) (Administrative Procedures Act) and Tavares v. Massachusetts, 59 F. Supp. 2d 152, 154 (D. Mass. 1999) (the All Writs Act does not confer jurisdiction).

The APA entitles a person "adversely affected or aggrieved by agency action within the meaning of a relevant statute ... to judicial review thereof."  5 U.S.C. § 702.  The APA provides that the federal courts shall have jurisdiction to review agency action "made reviewable by statute and final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.

However, the APA does not apply to agency decisions that are (1) made pursuant to a statute that expressly precludes judicial review or (2) committed to agency discretion by law. 5 U.S.C. § 701(a)(1).  The APA confers a general right of review of agency action, see 5 U.S.C. § 702, but it "withdraws

4

that cause of action to the extent the relevant statute 'preclude[s] judicial review.'" Block v. Community Nutrition Inst., 467 U.S. 340, 345, 104 S. Ct. 2450, 81 L. Ed. 2d 270 (1984).

Here, judicial review of the BIA's decision is precluded by statute and there is no discretionary agency action to be challenged by plaintiff. Here, this Court cannot assert jurisdiction over a challenge to the final order of deportation unless jurisdiction is conferred by 8 U.S.C.A. § 1252. Section 1252 provides that an alien who wishes to challenge a final order of removal must file a petition for review of such an order in the court of appeals. See 8 U.S.C.A. § 1252(b)(2). This Court lacks jurisdiction to directly review questions of law or fact relating to petitioner's removal proceedings. See 8 U.S.C. 1252(b)(9); Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) (court of appeals has exclusive jurisdiction to review removal proceedings under Section 1252(b)(9)).

Once the BIA re-issued its decision of May 10, 2001, plaintiff's rights began to run on the date of re-issuance: January 16, 2003. Thus, plaintiff had thirty days from January 16, 2003 to arrange for his voluntary departure. Upon plaintiff's failure to depart, the voluntary departure order

transformed into a deportation order.  Although plaintiff indicates that he filed appeals with the Ninth Circuit Court of Appeals, it is unclear whether he appealed the re-issued BIA decision.  To the extent plaintiff complains that his continued detention denied him the opportunity to voluntarily depart, this Court does not have jurisdiction to entertain such a habeas claim.  See Vasquez v. Reno, 233 F.3d at 696.

Accordingly, plaintiff has failed to state a claim pursuant to the Administrative Procedures Act ("APA") or the All Writs Act, and such claims are subject to dismissal.

   III.    Plaintiff Is Not Entitled To Injunctive Relief

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders).  Preliminary injunctions may not be issued without

notice to the adverse party.  <u>see</u> Fed. R. Civ. P. 65(a)(1). To warrant the more extraordinary relief of an ex-parte temporary restraining order, plaintiff must demonstrate that his injury of loss is "immediate and irreparable."  Fed. R. Civ. P. 65(b).

Through his emergency motion, plaintiff seeks to have this Court set aside or vacate the current final order of deportation.
Plaintiff has not demonstrated a likelihood of success on the merits of his claims because he has not provided the Court with a basis to assert subject-matter jurisdiction over his claims.  Thus, the Court will deny plaintiff's emergency motion.

## ORDER

Based upon the foregoing, it is hereby

ORDERED, plaintiff's motion for emergency relief is denied; and it is further

ORDERED, if plaintiff wishes to proceed with this action, he shall file, within 35 days from the date of this order, a complaint accompanied by either the $150.00 filing fee or an application to proceed without prepayment of fees.  The Clerk shall send plaintiff an application to proceed without prepayment of fees and a Step-by-

7

Step Guide with this Procedural Order; and it is further

ORDERED, if plaintiff files a complaint, he is also directed to show good cause why his complaint is not subject to dismissal for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>30th</u> day of <u>April</u>, 2004.

<u>/s/ Patti B. Saris</u>

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE