```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

MATEEGA BUKENYA                )
          Plaintiff,           )
                               )
          v.                   )    C.A. No. 04-10869-PBS
                               )
JOHN D. ASHCROFT, et al.,      )
                               )
          Defendants.          )
```

                         MEMORANDUM AND ORDER

Mateega Bukenya, filed the instant action challenging his final order of deportation while he was an immigration detainee at the Wyatt Detention Center in Rhode Island.  See Emergency Motion (Docket No. 1).

By Order dated April 30, 2004, plaintiff was ordered to file a complaint accompanied by either the filing fee or a fee waiver application and to show good cause why such action is not subject to dismissal.  See 4/30/04 Memorandum and Order (Docket No. 2).

Bukenya also filed an Addendum to his Emergency Motion as well as a Notice of Change of Address stating that he was transferred to the Plymouth County Correctional Facility.  See Notice of Change of Address (Docket No. 3); Addendum (Docket No. 4).

On May 5, 2005, the Court's Order was returned by the postal service as undeliverable.  See Docket.  On May 7, 2005, the Clerk resent the Order to plaintiff at his new address and this time it was returned by the postal service marked "inmate no longer here."  Id.

Plaintiff was apparently released from the Plymouth County

Correctional Facility and has not informed the Court of his new address as required under this Court's local rules.  See District of Massachusetts Local Rule 83.5.2(e).  Local Rule 83.5.2(e) requires a party appearing pro se to notify the clerk of any change of address and provides that any party appearing pro se that has not filed an appearance or provided a current address "shall not be entitled to notice."

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  To date, plaintiff has not kept the Court advised of his current address and he has not complied with the Court's Order.  It is possible that plaintiff has lost interest in pursuing the claims asserted in this action and the Court is not required to delay disposition in this case indefinitely.

Accordingly, this action is subject to dismissal for want of prosecution pursuant to Rule 41(b).

### ORDER

Based upon the foregoing, it is hereby ORDERED that this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED.

| | |
|---|---|
| February 9, 2006 | /s/ Patti B. Saris |
| DATE | Patti B. Saris |
| | UNITED STATES DISTRICT JUDGE |